# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO JOSE DOMINGUEZ, | Case No. 14-cv-2890-BAS-RBB |
| Petitioner, | **ORDER DISMISSING PETITION** |
| v. | |
| SCOTT KERNAN, Secretary, California Department of Corrections and Rehabilitation, | |
| Respondent. | |

Petitioner Florencio Jose Dominguez filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction for first-degree murder and conspiracy to commit murder. Since then, a state court has vacated Dominguez's conviction. Therefore, for the following reasons, the Court dismisses this § 2254 petition because the two claims it raises are moot.

//

//

//

# I. BACKGROUND

## A. Conviction and Direct Appeal[1]

In a gang-related incident, fifteen-year-old Moises Lopez was beaten and then executed in Mountain View Park in southeast San Diego. The San Diego County District Attorney charged Dominguez with first-degree murder for the killing.

The case proceeded to trial, but the jury deadlocked nine to three in favor of acquittal. Afterwards, the trial judge declared a mistrial and dismissed the case without prejudice pursuant to California Penal Code § 1385. In doing so, the judge noted:

> Well, this is a tough call because a 15-year-old boy was executed in a park. [¶] The evidence shows the defendant is, in fact, the shot-caller for [the gang]. There is no question about that. He has a double life. He's a good employee and a dad and a husband; but he also has a girlfriend and is an active gang member, in fact, probably the head of that gang. There is no question he was in the park . . . . So he did it, or he obviously knows who did.
>
> The question in this case, though, is one of did the D.A. meet their burden? . . . .
>
> That's what this case is all about . . . . He [the prosecutor] has shown by a preponderance the defendant is the murderer. He has even probably shown by clear and convincing evidence the defendant is the murderer. At this point he has failed to meet—I agree with the nine jurors. If I was to sit and make a call on this case without a jury, I think the D.A. has failed to meet their burden at this point in time . . . . [If Dominguez] didn't pull the trigger, he knows who did. He's standing right there. It may be somebody else, but based on the current state of the evidence, that can't be proven. And so at this point the matter is dismissed without prejudice.

Undeterred, the District Attorney refiled the case with an additional charge for conspiracy to commit murder. Dominguez demurred to the criminal complaint under California Penal Code § 1004. He argued the protection against double jeopardy

---

[1] The Court draws this background from the California Court of Appeal's unpublished opinion, which is available in Lodgment No. 7 (ECF No. 5-32).

barred the new complaint because he believes the trial judge dismissed the first case for a lack of evidence—that is, the judge effectively acquitted him of the murder charge. The demurrer was assigned to a different judge, who overruled the demurrer. At the ensuing second trial, the jury found Dominguez guilty of both first-degree murder and the new charge of conspiracy to commit murder.

Dominguez appealed, again arguing that double jeopardy principles barred his second prosecution, as well as raising other claims of error. The California Court of Appeal rejected his claims and affirmed the judgment. Petitioner then raised the same claims in a petition for review with the California Supreme Court, which denied the petition without comment.

### B. Federal Petition

Dominguez did not pursue collateral review in state court. Instead, he filed this action under 28 U.S.C. § 2254. In his habeas petition, Dominguez alleges his state conviction violates the Constitution because: (1) his second "trial was barred by Double Jeopardy"; and (2) he was "denied his constitutional right of confrontation when the judge limited the cross examination" of a witness at trial. (Pet. ¶ 22; *see also* Pet. Mem. 10:11–26:17, ECF No. 1.)

After the State of California responded, the magistrate judge issued a Report & Recommendation ("R&R") recommending that this Court grant the petition on double jeopardy grounds. (ECF No. 9.) The R&R also recommends that Petitioner's Confrontation Clause claim be denied. (*Id.*)

The State objected to the R&R, and Dominguez replied. (ECF Nos. 10, 11.) After holding oral argument on the petition, the Court requested supplemental briefing regarding Dominguez's conspiracy conviction. (ECF Nos. 14, 15.)

//
//
//

– 3 –

14cv2890

### C. State Petition

Meanwhile, with this petition pending, Dominguez filed a second petition for writ of habeas corpus in the state trial court ("State Petition"). The State Petition objected to the prosecution's use of certain DNA evidence at Dominguez's second trial. (*In re Dominguez*, No. HC 22238, slip op. at 1 (Cal. Sup. Ct. Oct. 6, 2017) ("Order Granting State Petition"), ECF No. 16, Ex. 1.) This DNA evidence was based on an analysis of mixture samples collected from a pair of bloody gloves found near the scene of the murder. (*Id.* at 5–7.) Mixture samples are samples containing DNA that was contributed from more than one person. (*Id.* at 3, 8.) For several years prior to Dominguez's second trial, "concern arose within the forensic scientific community regarding some of the techniques used by DNA laboratories in the interpretation of mixture samples." (*Id.* at 11.) This concern eventually led to the adoption of new guidelines for analyzing these samples. (*Id.* at 12–17.)

An evidentiary hearing on the State Petition revealed that the San Diego Police Department's Crime Laboratory had changed its procedures to conform to the new DNA mixture sample guidelines a few days before Dominguez's second trial. (Order Granting State Petition at 18.) If these new procedures had been followed to analyze the relevant mixture samples, the prosecution's expert would have testified that "it was impossible to determine if [Dominguez] was even a minor contributor to the DNA" in either sample presented. (*Id.* at 20.) In other words, the inculpatory DNA evidence at issue would not have been presented at trial. (*Id.* at 21.) Yet, although the prosecution's own expert was the one responsible for changing the laboratory's procedures—as he was the lab's technical manager—he failed to "disclose that the changes in policy had occurred." (*Id.* at 18.)

//
//
//
//

Because the change in guidelines was both favorable to Dominguez and material, the state court found this nondisclosure violated *Brady v. Maryland*, 373 U.S. 83 (1963). (Order Granting State Petition at 22–35.) Accordingly, the state court granted the petition and vacated Dominguez's conviction for murder and conspiracy to commit murder. (*Id.*) It further provided that the State could retry Dominguez or otherwise must release him. (*Id.* at 36.) The State did not appeal.

Upon learning Dominguez's conviction had been vacated, this Court issued an order to show cause as to why this federal petition attacking the conviction is not now moot. (ECF No. 18.) Both parties responded. (ECF Nos. 20, 21.)

## II. ANALYSIS

Under 28 U.S.C. § 2254, federal courts "shall entertain an application for a writ of habeas corpus [from] a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Constitution limits federal courts' jurisdiction over habeas petitions, like other actions, to those that present live cases or controversies. *E.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

The claims raised in a federal habeas petition may become moot when the petitioner obtains relief in state court. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (noting a state court appeal "may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question"). For instance, in *Cumbo v. Eyman*, 409 F.2d 400, 400 (9th Cir. 1969) (per curiam), the petitioner successfully obtained habeas relief in the district court, and the state

appealed. However, while the federal appeal was pending, the state appellate court reversed the petitioner's conviction. *Id.* The Ninth Circuit consequently remanded the action for dismissal, reasoning that the proceeding had "been rendered moot." *Id.*; *see also Hunt v. Eyman*, 405 F.2d 384, 384 (9th Cir. 1968) (concluding an issue raised by a habeas petition was moot where the state court had granted the petitioner relief after the petition was filed).

Dominguez filed this petition under 28 U.S.C. § 2254 to challenge his conviction for first-degree murder and conspiracy to commit murder. But the state court has since vacated this conviction. In doing so, it extinguished Dominguez's two claims under § 2254. His claim that he was denied his constitutional right of confrontation at his second trial no longer presents a live controversy. Similarly, Dominguez's claim that his second prosecution violated the Double Jeopardy Clause also does not present a live controversy. He is no longer in custody pursuant to the conviction procured by the second prosecution. Moreover, unlike cases where petitioners have completed their sentences but are still permitted to challenge their convictions because the convictions cause collateral consequences, there is no conviction here for Dominguez to seek to set aside. *See Spencer*, 523 U.S. at 7–9 (discussing the role of collateral consequences in satisfying the case-or-controversy requirement); *see also, e.g.*, *Robertson v. Pichon*, 849 F.3d 1173, 1177 n.1 (9th Cir. 2017) (noting the court has jurisdiction over a § 2254 habeas appeal because the petitioner "is presumed to experience collateral consequences as a result of his convictions"). At this point, opining on the constitutional condition of Dominguez's second prosecution would be advisory. Therefore, the two claims raised in Dominguez's § 2254 petition are moot.

Dominguez, who is represented by counsel, disputes this conclusion. He reports that the State has not released him from custody; rather, it has placed him in pretrial detention and is moving forward with a third prosecution for only conspiracy to commit murder. (ECF No. 21.) He therefore argues his § 2254 petition has been

simply transmuted into a pre-trial custody petition. (*Id.* 2:18–3:15.) Dominguez further requests that the Court now summarily: (1) determine abstention is unwarranted, (2) excuse Dominguez from exhausting his pre-trial custody challenge in state court, and (3) find his conspiracy prosecution is barred by collateral estoppel and principles of fundamental fairness. (*Id.* 2:18–6:3.)

The Court will not wade into these issues. None of them are properly before it. Nor have they been developed. Dominguez's § 2254 petition challenges his conviction for murder and conspiracy to commit murder—not his impending third prosecution for only conspiracy. Because his conviction has been vacated, his two claims targeting it under § 2254 are moot. Accordingly, the Court will dismiss the petition.

## III. CONCLUSION

In light of the foregoing, the Court **DISMISSES** Dominguez's petition under § 2254 because the two claims it raises attacking his state court conviction are moot.[2] This dismissal does not preclude Dominguez from seeking other relief.

Further, a petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless "a . . . judge issues a certificate of appealability." 28 U.S.C. § 2253(c). When a petition is resolved on procedural grounds, a certificate should issue when the petitioner demonstrates "at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find it debatable whether this Court is correct in finding Dominguez's § 2254 claims attacking a now-vacated conviction are moot. *See id.*

---

[2] Because they are moot, the Court also declines to adopt the R&R (ECF No. 9) and overrules as moot the State's objections to the R&R (ECF No. 10).

1 | Consequently, the Court declines to issue Dominguez a certificate of appealability.
2 | *See* 28 U.S.C. § 2253(c).
3 |     **IT IS SO ORDERED.**
5 | **DATED: January 18, 2018**

Hon. Cynthia Bashant
United States District Judge