# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO JOSE DOMINGUEZ,<br><br>                       Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary,<br>California Department of Corrections<br>and Rehabilitation,<br><br>                       Respondent. | Case No. 14-cv-2890-BAS-RBB<br><br>**ORDER:**<br>  **(1) CONVERTING PETITION;**<br><br>  **(2) ORDERING PETITIONER TO FILE A SUPPLEMENT TO HIS PETITION; AND**<br><br>  **(3) GRANTING PETITIONER LEAVE TO FILE SUPPLEMENTAL BRIEFING** |

     On October 23, 2018, the Ninth Circuit issued an opinion determining that Petitioner Florencio Jose Dominguez "is no longer required to proceed under § 2254" and does not need to "dismiss his § 2254 petition and file a new petition under § 2241." (ECF No. 32.) The Court therefore requested that Petitioner determine whether he elects to convert his Petition under § 2254 to one arising under § 2241. (ECF No. 33.) Petitioner elects to do so and requests leave to provide the Court with supplemental briefing. (ECF No. 34.)

Accordingly, the Court converts Petitioner's § 2254 petition to one arising under § 2241. Further, to allow the Court to resolve this converted petition, the Court **ORDERS** Petitioner to file a supplement to his petition. This supplement should: (1) specify all the grounds for relief available to Petitioner under § 2241, (2) state the facts supporting each ground, and (3) state the relief requested. In particular, Petitioner should include the facts regarding his impending retrial on the charge of conspiracy to commit murder.

Further, the Court grants Petitioner leave to file a memorandum of points and authorities in support of the supplement to his petition. In his memorandum, Petitioner should include briefing on whether: (1) he has adequately exhausted his double jeopardy claim under § 2241; and (2) the Double Jeopardy Clause bars his prosecution on a charge of conspiracy to commit murder when, assuming he was acquitted, his previous acquittal applied solely to the charge of murder. Petitioner may also address any other issues he deems appropriate. However, the Court does not need additional briefing regarding whether the state trial court's dismissal of Petitioner's first prosecution was an "acquittal" under federal law. That issue has already been extensively addressed by the parties.

Petitioner shall file the supplement to his petition and any accompanying memorandum no later than **January 11, 2019**. The Court will then set a deadline for the State to respond to the converted petition.

**IT IS SO ORDERED.**

**DATED: December 12, 2018**

Hon. Cynthia Bashant
United States District Judge